IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHRISTOPHER EUGENE FULTON**                        **PETITIONER**

**v.**                              **CIVIL NO. 1:24cv375-HSO-BWR**

**JACKSON COUNTY CIRCUIT**
**COURT**                                                       **RESPONDENT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. Pro se Petitioner Christopher Eugene Fulton ("Petitioner" or "Fulton") filed this habeas lawsuit on December 11, 2024, challenging his pretrial detention. Pet. [1] at 2. At the time, Fulton was a pretrial detainee at the Jackson County Adult Detention Center in Pascagoula, Mississippi. *Id.* at 1.

On February 14, 2025, the Court denied Fulton leave to proceed *in forma pauperis* and ordered him to pay the filing fee by March 17, 2025. Order Den. *IFP* Status [5] at 1. When the Court received no response, it entered an Order to Show Cause [6], directing Fulton to either pay the filing fee or show cause by April 14, 2025, why the case should not be dismissed for failure to obey the Court's prior Order [5]. Order to Show Cause [6]. After Fulton did not respond to that Order, the Court entered a Second Order to Show Cause [8], giving him until May 12, 2025 to comply. 2d Order to Show Cause [8] at 1-2.

Each Order [5], [6], [8] was mailed to Fulton's address of record, and only the Orders to Show Cause [6], [8] were returned as undeliverable. To date, Fulton has

not complied, provided a change of address, or otherwise contacted the Court, nor has he paid the filing fee. The Court warned Petitioner that failure to comply with its Orders or to keep the Court apprised of his address may lead to the dismissal of the Petition. 2d Order to Show Cause [8] at 1; Order to Show Cause [6]; Order Den. *IFP* Status [5] at 2.

The Court has the authority to dismiss an action for a petitioner's failure to prosecute or to obey an order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action sua sponte. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. . . . so as to achieve the orderly and expeditious disposition of cases." *Id.* Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

The Court finds that Fulton has "fail[ed] to . . . comply with . . . court order[s]" as contemplated by Federal Rule of Civil Procedure 41(b). Fed. R. Civ. P. 41(b). It is apparent from Fulton's failure to comply with the Court's Orders that he lacks interest in pursuing this case. Therefore, this case will be dismissed. Since Respondent has not been called upon to answer the Petition or appear in this action, and because the Court has not considered the merits of Fulton's claims, the dismissal will be without prejudice.

2

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this case is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Orders of the Court. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 30th day of May, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE